UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

CASE NO.  3:25-cr- 42-TJC-MCR
8 U.S.C. § 1324(a)(1)(A)(ii)
& (a)(1)(B)(i)
8 U.S.C. § 1326(a)

TIMOTEO SON-GONZALEZ

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**
**(Unlawful Transportation of Illegal Alien)**

On or about February 12, 2025, in the Middle District of Florida, the

defendant,

TIMOTEO SON-GONZALEZ,

knowing and in reckless disregard of the fact that an alien had come to, entered, and

remained in the United States in violation of law, did transport and move the alien

within the United States by means of transportation, in furtherance of the violation

and for the purpose of private financial gain.

In violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (a)(1)(B)(i).

## COUNT TWO
### (Illegal Re-Entry by Deported Alien)

On or about February 12, 2025, in the Middle District of Florida, the defendant,

### TIMOTEO SON-GONZALEZ,

a citizen of Guatemala and an alien in the United States, was found unlawfully present in the United States without having obtained the consent of the Attorney General or the Secretary of Homeland Security for the United States to apply for admission to or re-enter the United States after having been deported and removed from the United States on or about June 13, 2024.

In violation of 8 U.S.C. § 1326(a).

## FORFEITURE

1.    The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture, pursuant to 8 U.S.C. § 1324(b)(1), 18 U.S.C. § 982(a)(6), and 28 U.S.C. § 2461(c).

2.    Upon conviction of a violation of 8 U.S.C. § 1324, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6):

a.    Any conveyance, including any vessel, vehicle, or aircraft, used in the commission of the offense;

b.    Any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of conviction; and

c.      Any property, real or personal, used to intended to be used to facilitate the commission of the offense of conviction; and, pursuant to 8 U.S.C. § 1324(b)(1) and 28 U.S.C. § 2461(c), any conveyance, including any vessel, vehicle, or aircraft, that was used in the commission of a violation of subsection (a), the gross proceeds of such violation, and any property traceable to such conveyance or proceeds.

3.      If any of the property described above, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third person;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28

U.S.C. § 2461(c).

A TRUE BILL,

███████████████

Foreperson

SARA C. SWEENEY,
Acting United States Attorney

By: _____
KELLI A. SWANEY
Assistant United States Attorney

By: _____
MICHAEL J. COOLICAN
Assistant United States Attorney
Deputy Chief, Jacksonville Division

FORM OBD-34
2/25/25 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

## THE UNITED STATES OF AMERICA

vs.

## TIMOTEO SON-GONZALEZ

## INDICTMENT

Violations:   Ct. 1: 8 U.S.C. § 1324(a)(1)(A)(ii) & (a)(1)(B)(i)
               Ct. 2: 8 U.S.C. § 1326(a)

A true bill,

████████████████

Foreperson

Filed in open court this 26th day of February 2025.

_____
Clerk

Bail   $_____

GPO 863 525